IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NICOLA ARGENTINA,**<br>Plaintiff, | CIVIL ACTION |
| v. | |
| **BARBARA GILLETTE and CITY OF PHILADELPHIA,**<br>Defendants. | NO. 17-2908 |

## MEMORANDUM OPINION

Plaintiff Nicola Argentina, proceeding *pro se*, has sued Defendants Barbara Gillette and the City of Philadelphia (the "City") for racial discrimination that he claims to have suffered at the South Philadelphia Older Adult Center ("SPOAC"). Plaintiff originally asserted five counts, but only one survived Defendants' motion to dismiss: discrimination on the basis of race with respect to property rights in violation of 42 U.S.C. § 1982. *See Argentina v. Gillette*, 2018 WL 623680 (E.D. Pa. Jan. 30, 2018). Defendants now move for summary judgment on that count. For the reasons that follow, the motion will be granted.

Plaintiff was a member of SPOAC from approximately 2005 until 2015. In 2015, he was denied renewal of his membership, and was informed via letter that the denial was due to "continued non-compliance with Center Policies and Procedures."

Plaintiff, a white man, describes a number of incidents—almost uniformly without citation to the record—that he asserts demonstrate that the Director of SPOAC Barbara Gillette, a black woman, refused to renew Plaintiff's membership due to racial prejudice against white men. Some examples include claiming that Defendant Gillette: barred Plaintiff from a luncheon because he was not "a black African American"; refused to install ceiling fans at the SPOAC "to inflict her prejudice against the white majority"; and allowed Ebony Magazine to be "located on

one of the magazine racks" at the SPOAC.

Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Radich v. Goode*, 886 F.2d 1391, 1395 (3d Cir. 1989). Materiality of facts is determined by reference to the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute "exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *U.S. ex rel. Greenfield v. Medco Health Solutions, Inc.*, 880 F.3d 89, 93 (3d Cir. 2018) (internal quotation marks omitted). "[A]ll reasonable inferences" must be drawn in the non-moving party's favor. *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013).

Plaintiff brings a claim under 42 U.S.C. § 1982 against Defendant Gillette. "The elements of a claim under § 1982 are (1) defendant's racial animus; (2) intentional discrimination; and (3) deprivation of property right based on race." *Pinckney v. Pep Boys – Manny Moe & Jack*, 2018 WL 5617858, at *5 (E.D. Pa. Oct. 30, 2018); *see also Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001). Summary judgment must be granted in favor of Defendant Gillette because Plaintiff has failed to point to any evidence indicating racial animus.

In Plaintiff's briefing, he describes—again, for the most part without citation to the record, *see* Fed. R. Civ. P. 56(c)—actions taken by Defendant Gillette that displeased Plaintiff, and he asserts that those actions were taken based on racial animus. Plaintiff's principal argument, which he repeats in various forms, appears to be that the Court should infer racial animus because Defendant Gillette displeased Plaintiff and because Defendant Gillette and Plaintiff are not of the same race. The Court declines to do so. Because there is no dispute of material fact as to whether Defendant Gillette acted with racial animus, her motion will be granted.

Plaintiff also brings a claim against the City under 42 U.S.C. § 1982, attempting to use *Monell v. New York Department of Social Services*, 463 U.S. 658 (1978), to hold the City liable. To sue a local governing body under *Monell*, a plaintiff must show that the governing body's "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] the injury." *Id.* at 694.

The City argues that Plaintiff has not pointed to any evidence that a governmental policy or custom led to his injury, and in his brief in opposition Plaintiff fails to contend otherwise. Therefore, the argument is waived. *See Jacobs v. Contract Callers, Inc.*, 2016 WL 1696818, at *3 (E.D. Pa. Apr. 28, 2016) (citing *Laborers' Int'l Union of N. Am. V. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)).[1] Accordingly, the City's motion will be granted.

                                                                   **BY THE COURT:**

                                                                   /s/Wendy Beetlestone, J.
                                                                   **WENDY BEETLESTONE, J.**

**Dated: January 9, 2019**

---

[1] Plaintiff does attempt to address the *Monell* issue in a sur-reply. That brief was submitted without Court authorization, in violation of this Court's Policies and Procedures. *See* Policies and Procedures, Beetlestone, J., July 2016, at 6-7 ("Sur-reply briefs are not permitted absent prior permission of the Court upon good cause shown."); *Rosado v. Lynch*, 2017 WL 2495407, at *3 (D.N.J. June 8, 2017) ("[W]hile it is well settled that *pro se* litigants should be afforded a certain degree of leniency, due to their unfamiliarity with the judicial process, *pro se* litigants are still bound by this Court's orders, local rules, policies and procedures, as well as the Federal Rules of Civil Procedure."). In any event, the sur-reply provides no support for Plaintiff's position, failing to point to any facts at all, let alone a genuine dispute of material fact as to whether the City is liable under *Monell*.